Per Curiam.

It is manifest that the officers’ direct observations were sufficient to establish probable cause for the issuance of the search warrant and, therefore, disclosure of the informant’s identity was not required. (See People v. Cerrato, 24 N Y 2d 1, 7; People v. Castro, 29 N Y 2d 324, 326; see, also, People v. Malinsky, 15 N Y 2d 86, 93-94.) The indictment must, nevertheless, be dismissed because of the impermissibly broad scope of the warrant’s terms. Without describing them by name or any other limiting language, it authorized the police to seize “ 8mm films cut and uncut, depicting males and females in various positions of sexual intercourse, sodomy and masturbation ”. The effect of this mandate, pursuant to which the police seized more than 300 reels of exposed film, was to delegate to them the function of determining whether the material was obscene and permitted their exercise of a “ wide police discretion without judicial supervision ”. (People v. Abronovitz, 31 N Y 2d 160, 164; see, also, People v. Rothenberg, 20 N Y 2d 25, 38; A Quantity of Books v. Kansas, 378 U. S. 205, 209; Marcus v. Search Warrant, 367 U. S. 717, 732.)
The order appealed from should be reversed and the indictment dismissed.